## The People vs. Maria Blake.—*Misdemeanor.*

To put cow-itch upon a towel, and in a tub of water, for the purpose of being used, and it injures a person, is a misdemeanor and an indict-ment may be sustained. Maria Blake, a young black woman, was charged in an indictment at common law, with procuring a quantity of vegetable powder, called cow itch, and putting the same upon a towel, and in a tub of water used by the prosecu-tor, Mrs. Blyth, on the 21st of June, 1823. It was proved by the testimony of Dr. Cumming and others that the article was of an extremely irritating and inflammatory character, and actually produced excessive pain and dis-tress.

Mr. Van Wyck, in behalf of the prisoner, contended that it was not an indictable offence ; and that no private injury could be thus punished, unless it was also a mat-ter of public concern. In support of the law, as laid down, he cited the cases of M. M. Noah for breaking open a private letter, 3 City Hall Rec. 13., and of Witten-burg, for directing an innocent female, applying at his in-telligence office for service, to a house of ill fame. 3 City Hall. Rec. 49. In those cases he contended, that though convictions were had the principle was distinctly recogniz-ed by the court. He contended, that the offence, to be in-dictable, must be public ; that if the barrier was once bro-ken down between public offences and private injuries, so

long established, and so necessary to the peace and quiet NEW-YORK, of the community, the greatest degree of uncertainty and doubt would be introduced.

.The objection was overruled, and the Recorder held that it came within the class of cases that had been frequently punished by indictment; such as poisoning animals, throwing vitriol on another's clothes, &c. It was a perpetration of mischief, indicating a malicious intent, which it was a matter of public concern to repress and punish, and was, therefore, indictable.

The facts being evident, she was found guilty of the charge as laid in the indictment.

*Note.—All capital crimes whatsoever, and also all kinds of inferior offence of a public nature, are misprisions; and all other contempts, all disturbances of the peace, all oppressions, and all other misdemeanors whatsoever, of a public evil example against the common law, may be indicted; but no injuries of a private nature, unless they in some way concern the king. Co. Lit. 126. 303. 4 Rep. 44. 2 Lill. Abr. 42. Indictable offences.

A person may be indicted for preaching against the government of the church. Sid. 69. 2 Nels. Abr. 959. He may be indicted for pronouncing absolution to a person, condemned for treason, at the place of execution, without showing any repentance. 5 Mod. 363. So he may be indicted for drinking healths to the memory of traitors. 3 Mod. 52.

It is indictable to take up dead bodies for purposes of dissection, as being *contra bonos mores.* 1 Leach, 561. 2 T. R. 733. So it is to bury a dead body the cause of death being unknown, without sending

for the coroner. 1 Salk. 377. It is also indictable for a person to expose himself to view naked to the public, in the balcony of a house. The King v. Sadley, East P. C. p. 3. To publish a scandalous petition presented to the house of lords, or a scandalous affidavit made in a court of justice, is an indictable offence 1 Ld. Raym. 341. It is not indictable to tell the mayor of a town you do not care for him, or that he is a rogue and rascal, Ld. Raym. 1029. 1 Salk. 697. But it would be otherwise if he was in the execution of his office. 1 Salk. 45. 3 Salk. 25. 27. It is an indictable offence to say of a justice of the peace in the execution of his office, you are a rogue and a liar. Stra. 420. To forestall any commodity, which is become a common victual and necessary of life, or used as an ingredient in the making or preservation of any victual, though not formerly used or considered as such, is an offence at common law. 1 East Rep. 169.

Mixing alum with bread, in such a manner as that round lumps of it were found in the loaves, is an indictable offence. 3 Maul & Selw. Rep. 11.

It an indictable offence for several persons to conspire on a particular day, by false rumors to raise the price of the public government funds, with intent to injure the persons who should purchase on that day. 3 Maul. & Sel. Rep. 6. Indictment lays for disorderly behavior at town meetings. 16 Mass. Rep. 384.

It is not an indictable offence to impede the public intercourse by delivering handbills in the streets. 1 Burr. 516. Nor to throw down skins in the public way, which accidentally occasion a personal injury. Str. 190. Nor to kill a hare. Str. 679. Nor can one be indicted for an offence made penal by statute, without it directs to whom the penalty is payable. Str. 828. Nor for en-

tering a yard erecting a shed, unthatching a house, or by num- NEW-YORK,
bers keeping another ont of possession, if unattended with vio-
lence and riot, &c.    3 Burr. 1698. 1706. 1727.   Nor for any at-
tempt to defraud, if neither by false token or conspiracy.   Str.
793. 866.   6 Mod. 105.   Nor for a private nuisance, Lill. Abr.
42.   Where a new offence is created by an act, which imposes
a forfeiture for it, and points out the mode of recovering it, an
indictment will not lie.   1 Ld. Raym. 672.

Where a statute direct that a forfeiture be recovered by action of debt, or
information, an indictment does not lie.   3 Salk. 350.    And
where a statute has made an offence, which was before only a
misdemeanor, a felony, an indictment will not lie for it as a
misdemeanor.  1 Ld. Raym. 711.   3 Salk. 193.   An indictment
will not lie for not curing a person of a disease, according to
promise; for it is not a public offence, and no more in effect
than an action on the case.  1 Ld. Raym. 366. 3 Salk. 189. Nor
does it lie against a person for entertaining idle and vagrant per-
sons in his house.   1 Ld. Raym. 790.   A mere act of trespass,
(such as entering the yard, digging the ground, and erecting a
shed, or cutting a table, &c.) committed by one person, unac-
companied by a breach of the peace, is not indictable.   3 Burr.
1698. 1706.

To send an anonymous and threatening letter is an indictable offence.
The United States v. Ravara, 2 Dall. 292.

A conspiracy to manufacture a base material in the form and color of
genuine indigo, with a fraudulent intent to sell the same as good
and genuine indigo, is an indictable offence.  Com'th v. Judd et
al. 2 Mass. T. R. 329.   See also the case of The People v. Sands,
1 Johns. Rep. 78.

Where one by lying only, but without conspiring with others, and withont
using any false weights, measures, or tokens, defrauds another
of his property, the injury is a civil one, and an indictment can-

NEW-YORK,      not be supported as for a public offence.    Com'th v. Warren, 6 Mass. Rep. 72. And in the case of the Com'th v. Knox, 6 Mass. T. R. 76. it was held, that it was not an indictable offence for the carrier of the mail, who has contracted with the post master general to carry the same each day of the week, to travel with the mail on Sunday.     See also the case of Com'th v. Gowan, 7 Mass. Rep .378.

Every public show and exhibition which outrages decency, shocks humanity, or is *contra bonos mores*, is punishable at common law. Knowles v. The State of Connecticut, 3 Day's Cases.

Driving a carriage through the streets of a populous city, and in such a manner as to endanger the safety of the inhabitants, is an indictable offence at common law, and amounts to a breach of the peace.    Peters' Rep. 390.    An indictment may be maintained upon an ' intent to deceive my liege subjects.'   1 Dall. 41.

An indictment lies against a public officer for a cheat in marking barrels of bread, as of the weight of 88 lbs. each, when in fact, they only weighed 68 lbs.   1 Dall. 47.

An indictment will lie for maliciously, wickedly, and willfully killing a horse.   1 Dall. 385.